UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROY TAYLOR,

                        Plaintiff,

        -against-

NYCDOC, *et al.*,

                      Defendants.
------------------------------------------------------------- x

NOT FOR PUBLICATION

MEMORANDUM & ORDER

19-cv-4874 (ENV) (ST)

VITALIANO, D.J.

      Plaintiff Roy Taylor, currently incarcerated at the Anna M. Kross Center ("AMKC"), a jail located on Rikers Island, filed this *pro se* action alleging violations of his federal constitutional rights, pursuant to 42 U.S.C. § 1983. By Memorandum and Order dated December 28, 2019 ("December Order"), the Court granted plaintiff's request to proceed *in forma pauperis* and dismissed the complaint with leave to amend in order to name proper defendants and to provide facts in support of his claims purporting to plead (a) denial of access to the courts, (b) failure to protect, (c) excessive force, (d) denial of religious services, and (e) loss of property claims.[1]

      On February 28, 2020, plaintiff filed a "motion for leave to amend." On March 9, 2020, plaintiff filed a second "motion for leave to amend," neither of which complies with the Court's December Order. First, plaintiff has failed to amend the caption to include the individual prison officials personally involved in his access to the courts, failure to protect, excessive force, denial of religious services and loss of property claims. Instead, plaintiff only names the NYCDOC, a

---

[1] The Court also dismissed plaintiff's action filed on July 10, 2019 against the same parties as a duplicate of this action. *See Taylor v. NYCDOCS et al.*, No. 19-cv-4093 (ENV) (E.D.N.Y. Feb. 28, 2020).

1

non-suable entity, as set forth in the Court's December Order. Second, as set forth below, plaintiff fails to allege sufficient facts to proceed on his access to courts, failure to protect, denial of religious services, deliberate indifference to medical care, and loss of property claims.

## Standard of Review

The Court is mindful that plaintiff is proceeding *pro se* and that his complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A *pro se* plaintiff's pleadings are to be interpreted liberally, to raise "the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, even a *pro se* plaintiff must "plead sufficient facts to state a claim to relief that is plausible on its face." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Where a plaintiff is proceeding *in forma pauperis*, as in this case, it is incumbent on a district court to dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, under 28 U.S.C. § 1915A, a court must dismiss any portion of a prisoner's complaint against a governmental entity or its agents that is "frivolous, malicious, or fails to state a claim upon which relief may be granted or[,] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)(2). Finally, a court should not dismiss a *pro se* complaint "without . . . granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Branum v. Clark,* 927 F.2d 698, 705 (2d Cir. 1991)).

## Discussion

I. Access to the Courts

Plaintiff's motions to file an amended complaint are nearly identical. However, in the motion filed on March 9, 2020, plaintiff adds a handwritten notation related to his lack of access to the restroom at the "Southside Law Lib[rary]" in addition to his claims that he was denied adequate law library time, denied computer access and supplies. Am. Compl. (3/9/20) at ¶¶ 3–4. Plaintiff also alleges he was denied an attorney visit while on Rikers Island and denied a video conference.[2] *Id.* at ¶¶ 5–6.

In order to plead a violation of plaintiff's right of access to the courts, plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of the conduct of prison officials. *See Lewis v. Casey*, 518 U.S. 343, 349 (1995); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[P]laintiff must allege that the defendant took or was responsible for actions that hindered efforts to pursue a legal claim."); *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) ("[A] plaintiff must demonstrate that a defendant caused actual injury, . . . *i.e.* took or was responsible for actions that hindered [a plaintiffs] efforts to pursue a legal claim.") (internal quotation marks and citations omitted). In other words, "the plaintiff must show . . . that a nonfrivolous legal claim had been frustrated or was being impeded due to the actions of prison officials." *Amaker v. Haponik*, No. 98-cv-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999)

---

[2] Plaintiff alleges that he was denied attorney visits while at MDC in New York County. Am. Compl. at ¶ 3.

3

(internal quotation marks and citations omitted).  Furthermore, "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."  *Procunier v. Martinez,* 416 U.S. 396, 419 (1974) (overruled in part on other grounds).

Here, plaintiff has not alleged facts sufficient to show that he sustained an injury from the purported denial of adequate law library time or the denial of computer and supplies.  Although plaintiff alleges that a "case got dismissed," this claim is conclusory and does not provide the information necessary for the Court to determine that the action was dismissed based on the conduct of an identified defendant.  Furthermore, plaintiff's claim that he was denied a video conference at his request and an attorney visit does not rise to the level of a constitutional violation.  Thus, plaintiff's amended complaint alleging he was denied access to the courts is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

II.     Slip and Fall—Negligence

Plaintiff repeats his allegation that he slipped and fell in the shower area at AMKC.  *Id.* at ¶ 7.  As explained in the Court's initial decision dismissing this claim, plaintiff's slip and fall claim amounts to negligence which does not rise to the level of a constitutional violation under the Eighth Amendment or the Fourteenth Amendment.  *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Fourteenth Amendment).  Furthermore, "[c]ourts have regularly held . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners."  *Johnson v. New York City Dep't of Correction*, No. 10-cv-338 (JG), 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010) (citing *Sylla v. City of New*

4

*York*, No. 04-cv-5692 (ILG), 2005 WL 3336460, at *3 (E.D.N.Y. Dec. 8, 2005) (collecting cases)). Since Taylor offers no new factual assertions that would plausibly support this claim, his amended complaint alleging a slip and fall is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

III.     Failure to Protect

Plaintiff alleges that he was assaulted by gang members and that the "officers left their post." Am. Compl. (3/9/20) at ¶ 8. It is unclear whether the officers allegedly left their post before or after he was attacked. Plaintiff also fails to provide the date and approximate time that this incident occurred, but instead refers to an exhibit filed with the original complaint. *Id.* (citing Exhibit G). Plaintiff's exhibit does not support this claim. Despite an opportunity do so, Taylor asserts no new facts in his amended pleadings. Thus, plaintiff's amended complaint alleging failure to protect is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

IV.     Excessive Force—Chemical Agent Exposure

Plaintiff alleges that on August 14, 2018, between 9:00 a.m. and 11:00 a.m., Officer Alexis and other John Doe officers, sprayed him and others with a chemical agent in response to a gang altercation. Am. Compl. (3/9/20) at ¶ 9. Plaintiff further alleges that he was not allowed to wash the spray off his skin for about an hour. *Id.* To state an excessive force claim, a "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *McNair v. Ponte*, No. 16-cv-1722 (LAP), 2019 WL 1428349, at *10 (S.D.N.Y. Mar. 29, 2019) (quotation omitted); *Brown v. New York City Dept. of Corr's*, No. 16-cv-6077 (CBA), 2018 WL 2389718, at *4 (E.D.N.Y. May 23, 2018).

Again, plaintiff does not name Officer Alexis as a defendant. In order to proceed on this claim, plaintiff must file a second amended complaint that names Officer Alexis in the caption

5

and provides facts as to what Officer Alexis did or failed to do in violation of his rights in the statement of claim. If plaintiff cannot identify individual prison officials who were personally involved, then he may name John Doe defendants in the caption and provide a statement of claim as to each defendant. Plaintiff must include a brief description of the incident, as well as the date, approximate time and location of the incident.

V.  Denial of Religious Services

Plaintiff alleges that "he has been denied religious Muslim services." Am. Compl. (3/9/20) at ¶ 13. This claim may be cognizable under the First Amendment as it is well-settled that prisoners "retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause." *Ford v. McGinnis,* 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier,* 417 U.S. 817, 822 (1974)). However, a prisoner's right to freely exercise his religion must be balanced against "the interests of prison officials charged with complex duties arising from administration of the penal system." *Ford,* 352 F.3d at 588 (quoting *Benjamin v. Coughlin,* 905 F.2d 571, 574 (2d Cir. 1990)). Again, plaintiff fails to name any prison official with personal involvement for allegedly denying him access to Muslim religious services or state when he was denied such services.[3] Thus, plaintiff's amended complaint alleging denial of religious services is dismissed for failure to state a claim pursuant to 28 U.S.C.

---

[3] Because plaintiff seeks damages, the Court does not address whether he seeks relief under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). Specifically, RLUIPA prohibits the government from burdening a prisoner's freedom to exercise his or her religion unless it can demonstrate that the burden "is in furtherance of a compelling governmental interest," and "is the least restrictive means of furthering that compelling governmental interest." *See* 42 U.S.C. § 2000cc-1(a). A plaintiff alleging a RLUIPA violation must first show that the challenged conduct substantially burdened his sincerely held religious beliefs. *See Singh v. Goord,* 520 F.Supp.2d 487, 498 (S.D.N.Y.2007). Money damages are not available under RLUIPA. *See Sossamon v. Texas,* 563 U.S. 277, 280 (2011); *Holland,* 758 F.3d at 224; *Washington v. Gonyea,* 731 F.3d 143, 145 (2d Cir. 2013) (*per curiam*).

§§ 1915A(b); 1915(e)(2)(B)(ii), with leave to amend.

VI.    <u>Stolen Property</u>

Plaintiff alleges that on August 8, 2018, his property was stolen from his cell. Am. Compl. (3/9/20) at ¶ 14. "[U]nauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Additionally, "[i]t is well established that New York provides inmates with the opportunity for a meaningful postdeprivation hearing through state law causes of action for 'negligence, replevin, or conversion which could fully compensate the plaintiff for his alleged property loss.'" *Toliver v. City of New York*, No. 10-cv-5806 (SHS) (JCF), 2013 WL 6476791, at *7 (S.D.N.Y. Dec. 10, 2013) (quoting *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (citations omitted). Plaintiff does not allege that he sought to bring, or was prevented from bringing, a state law claim seeking compensation for his property loss. In fact, plaintiff alleged that he filed a claim with the City Comptroller on August 9, 2018 regarding the same incident. *See* Compl. at 150–55. Therefore, plaintiff's stolen property claim fails because plaintiff does not allege that he was denied adequate post-deprivation procedures. Thus, plaintiff's amended complaint alleging stolen property is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

VII.    <u>Medical Care</u>

Plaintiff alleges a new claim—that he was denied adequate medical care for his injured left hand. Am. Compl. (3/9/20) at ¶¶ 11–12. To sustain a claim for deliberate indifference to serious medical needs, a plaintiff must satisfy, first, "an 'objective prong' showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to

7

due process," and second, a subjective prong "showing that the [defendants] acted with at least deliberate indifference to the challenged conditions." *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). At present, plaintiff does not allege that prison officials were deliberately indifferent to his medical needs. In fact, plaintiff's exhibits show that he received repeated medical attention, see Am. Compl. (3/9/20) at 9–39, and "mere disagreement over the proper treatment" does not create a violation." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *Halperin v. New York City Dep't of Corr.*, No. 19-cv-6266, 2019 WL 6328775, at *3 (E.D.N.Y. Nov. 26, 2019). Thus, plaintiff's amended complaint alleging deliberate indifference to his medical needs is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii), with leave to amend.

## Conclusion

Accordingly, the amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

In light of plaintiff's *pro se* status, the Court grants plaintiff a second opportunity to amend the complaint, if he can do so in good faith, solely as to the following claims: (a) excessive force, (b) denial of religious services, and (c) denial of adequate medical care. No new claims will be considered. If plaintiff elects to amend the complaint, it shall be filed within 45 days from the date this Order is entered on the docket, be captioned "SECOND AMENDED COMPLAINT" and bear the same docket number as this Order, 19-cv-4874 (ENV) (ST).

The second amended complaint shall replace the original and the amended complaints and must stand on its own *without reference to the prior pleadings*. The second amended complaint must name proper defendants (*i.e.*, those individuals with personal involvement over plaintiff's claims), and those defendants must be named in the caption and in the statement of claim. The statement of claim must provide the approximate date, time and location of each

event and a brief description of what each defendant did or failed to do in violation of plaintiff's federal constitutional rights. Conclusory claims or general claims of misconduct will not suffice. Plaintiff must provide enough information against each defendant named in the caption and in the statement of claim to provide sufficient notice of the claim against each defendant as required by Rule 8 of the Federal Rules of Civil Procedure.

The Court will review the second amended complaint for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). All further proceedings shall be stayed until further order of the Court. If plaintiff fails to file a second amended complaint within the time allowed, judgment dismissing this action shall be entered.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      So Ordered.

Dated:  Brooklyn, New York
         July 16, 2020

                                              /s/ Eric N. Vitaliano
                                              ERIC N. VITALIANO
                                              United States District Judge