UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X   NOT FOR PUBLICATION
ROY TAYLOR,

                Plaintiff,   MEMORANDUM & ORDER

        -against-   19-cv-4874 (ENV) (ST)

NYCDOC Commissioner BRANN, *et al.*,

                Defendants.
-------------------------------------------------------------X

VITALIANO, D.J.

On August 20, 2019, plaintiff Roy Taylor initiated this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that his federal constitutional rights were violated during his period of incarceration at the Anna M. Kross Center ("AMKC"), a jail located on Rikers Island. Following two dismissals with prejudice and a successful motion to vacate the Court's judgment of dismissal, Taylor timely filed a second amended complaint on December 30, 2020. *See* SAC, Dkt. 15. Subject to the caveats detailed below, Taylor's claims for excessive force and denial of religious services are now sufficiently pleaded and may proceed.

Procedural History

By Memorandum and Order, dated December 28, 2019, the Court granted Taylor's request to proceed *in forma pauperis* and dismissed his complaint, but granted leave to file an amended complaint that alleged additional facts supportive of the claims that were found to be properly brought in this District. *See* Dec. 2019 Order, Dkt. 5. On July 6, 2020, the amended complaint was also dismissed, but this time only in part and with leave to amend the claims for excessive force, denial of religious services, and denial of adequate medical care. *See* July 2020 Order, Dkt. 10. On this go-round, however, Taylor did not file a second amended complaint

within the required 30-day period. As a result, the Court dismissed the action in its entirety on October 30, 2020, *see* Dkt. 11, and judgment was entered on November 3, 2020, *see* Dkt. 12.

In an unforeseen twist, Taylor moved to vacate the judgment, claiming that he failed to file a second amended complaint because, due to a prison transfer, he did not receive a copy of the July 2020 order. *See* Mot., Dkt. 13. As a result, in the interests of justice, the Court granted the motion, vacated the October 2020 dismissal order, and afforded Taylor another 30 days to file a second amended complaint that complied with the July 2020 order. *See* 12/1/2020 Dkt. Order. Plaintiff timely filed a second amended complaint on December 30, 2020, asserting three claims: (1) excessive force; (2) failure to protect; and (3) denial of religious services.[1]

## Legal Standard

The Court is mindful that plaintiff is proceeding *pro se* and that his complaint "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A *pro se* plaintiff's pleadings are to be interpreted liberally, to raise "the strongest arguments that they suggest." *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, even a *pro se* plaintiff must "plead sufficient facts to state a claim to relief that is plausible on its face." *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a plaintiff is proceeding *in forma pauperis*, as in this case, it is incumbent on a district court to dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim

---

[1] In conjunction with his motion to vacate, Taylor also filed a notice of appeal on November 14, 2020. *See* Not. of Appeal, Dkt. 14. The Court, therefore, did not take any action in this case until the Second Circuit dismissed this appeal on June 4, 2021. *See* Mandate, Dkt. 16.

on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, a court must dismiss any portion of a prisoner's complaint against a governmental entity or its agents that is "frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)(2).

Discussion

I. Excessive Force

As previewed, Taylor's second amended complaint sufficiently alleges an excessive force claim. In compliance with the Court's preceding directive, *see* July 2020 Order at 5–6, he alleges that on August 14, 2018, following a fight in which plaintiff was not involved, ESU Guard Alexis sprayed Taylor and other inmates, none of whom were implicated in the incident or otherwise violent, with a chemical agent, held "inches" from their faces. SAC ¶¶ 1–7. ESU Guard Alexis then allegedly forced the maced inmates, including Taylor, to "stand outside [the] quad upper 4 housing unit for approximately 40 minutes" before allowing them to shower, in hot water only. *Id.* ¶¶ 8–10. As a result of this allegedly unprovoked assault, Taylor claims, he suffered burns to his face, eyes, and neck, as well as restricted breathing. *Id.* ¶ 9.

With these new details, Taylor sufficiently states an Eighth Amendment excessive force claim against ESU Guard Alexis. *Brown v. New York City Dep't of Corr's*, 2018 WL 2389718, at *4 (E.D.N.Y. May 23, 2018); *Parsons v. City of New York*, 2017 WL 2656135, at *2 (E.D.N.Y. June 19, 2017). The same cannot be said, however, for Taylor's claims against the several John Doe ESU Guards, who are mentioned only in passing in the second amended complaint and whose individual actions on August 14, 2018 remain unclear. Without a statement of claim as to each of the John Doe Guards' alleged constitutional violations, they

cannot be named as defendants in this action, as if free-riding on the claim against the other defendant named in this incident that survives plausibility review.

II.     Denial of Religious Services

Taylor's claim for denial of religious services, in violation of the Free Exercise Clause of the First Amendment, also avoids dismissal. *See, e.g.*, *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (explaining that Free Exercise claims brought by prisoners are assessed under a "less restrictive" test of "reasonableness"). The second amended complaint, unlike the preceding versions, alleges that in April, June, and July 2019, the officers assigned to escort Taylor to AMKC's religious programs—Correction Officers Robinson and Jane Doe—repeatedly failed to pick him up from his jail cell at the correct time, thereby preventing him from attending a bi-weekly Quran studies program and Muslim prayer services. SAC ¶¶ 15–17. These new and specific allegations are plainly sufficient to cure the pleading deficiencies previously identified by the Court. *See* July 2020 Order at 6.

III.    Failure to Protect

Taylor's remaining cause of action for failure to protect can be disposed of with little circumstance. This same claim was already dismissed *with prejudice* in the Court's prior order. *See* July 2020 Order at 8. That the second amended complaint contains new facts about the alleged incident does not affect the finality of the Court's prior order. Dismissed.

IV.     Defendants

Notwithstanding plaintiff's successful repleading as to the individuals described above, the second amended complaint fails to allege any facts that implicate Commissioner Brann, the only defendant named in the caption, in either of the surviving claims. There is no suggestion that Commissioner Brann had any direct involvement with, knowledge of, or responsibility for the alleged deprivations of Taylor's constitutional rights. *Farid v. Ellen*, 593 F.3d 233, 249 (2d

4

Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  Therefore, the second amended complaint must be dismissed in its entirety as to Commissioner Brann for failure to state a claim.

On the other hand, plaintiff has properly stated claims against the following individuals:

- ESU Guard Alexis, employed at AMKC on August 14, 2018;
- Correction Officer Robinson, employed at AMKC in April, June, and July 2019; and
- Correction Officer Jane Doe #1, employed at AMKC in April, June, and July 2019.

*See* SAC ¶¶ 1, 12, 15.  Although Taylor has not identified the full names or contact information of these defendants, he does provide:  the sur-names of defendants Alexis and Robinson; a physical description of defendant Doe; their positions at AMKC; and the dates and locations of the incidents in question.  This information, along with the specific allegations concerning these individuals' allegedly unconstitutional conduct, entitles plaintiff, as a *pro se*, incarcerated litigant, to assistance in identifying the above individuals with enough specificity to permit service of process.  *Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir. 1997) (*per curiam*).

Conclusion

In line with the foregoing, plaintiff's failure to protect claim is dismissed as barred by the Court's June 2020 order.  The second amended complaint is dismissed in its entirety as to Commissioner Brann for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).  Plaintiff's excessive force claim may proceed against defendant Alexis, and his denial of religious services claim may proceed against defendants Robinson and Doe.

In light of plaintiff's *pro se* status, the Court directs the Clerk of Court to amend the caption to identify the three individuals set forth above as defendants in this action.

Within 45 days from the entry of this Order, pursuant to *Valentin*, the Corporation Counsel for the City of New York is directed to ascertain the full names of defendants Alexis, Robinson, and Doe and to provide the addresses where these individuals can currently be served.

5

This information shall be forwarded to the Court's *pro se* unit, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*.

Once this information is provided, plaintiff's second amended complaint shall be deemed amended to reflect the full names and badge numbers of these officers, a summons shall be issued and the Court shall direct service on these defendants.

The case is referred to the Honorable Steven Tiscione, United States Magistrate Judge, for pretrial supervision.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff at AMKC and also to the Corporation Counsel for the City of New York, Special Federal Litigation Division and to note the mailing on the docket.

So Ordered.

Dated: Brooklyn, New York
       February 28, 2022

                                              /s/ Eric N. Vitaliano
                                              ERIC N. VITALIANO
                                              United States District Judge